J. Daryl Dorsey, State Bar No. 024237

**TB TIFFANY & BOSCO**
P.A.

Third Floor Camelback Esplanade II
2525 East Camelback Road
Phoenix, Arizona 85016b4237
Telephone: (602) 255-6000
Facsimile: (602) 255-0103
*Attorneys for Creditor Summerlin Asset Management II, LLC*

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| In re: | Case No. 2:08-bk-14959-RTBP |
|---|---|
| SHIRLEY SMITH, | Chapter 13 Proceedings |
| Debtor. | **NOTICE OF LODGING EX PARTE ORDER TERMINATING THE AUTOMATIC STAY FOR FAILURE TO CURE PURSUANT TO TERMS OF THE ADEQUATE PROTECTION ORDER** |

**NOTICE IS HEREBY GIVEN** that on December 11, 2009, the attached proposed *Ex Parte Order Terminating The Automatic Stay For Failure To Cure Pursuant to the Terms of the Adequate Protection Order* was lodged with this court.

DATED this 11th day of December, 2009.

            **TIFFANY & BOSCO, P.A.**

            By: /s/ J. Daryl Dorsey (024237)
              J. Daryl Dorsey, Esq.
              *Counsel for Creditor Summerlin Asset*
              *Management II, LLC*

1    **ORIGINAL** filed via ECF with the Clerk of the U. S. Bankruptcy Court this 11th day of December, 2009, with a **COPY** of the foregoing mailed this same date, to:

Ms. Shirley Smith
P.O. Box 20593
Sedona, AZ 86341
*Debtor*

Anthony W. Clark, Esq.
CLARK & ASSOCIATES
1212 West Camelback, Suite 104
Phoenix, AZ 85013
*Attorneys for the Debtor*

Edward J. Maney, Esq.
P.O. Box 10434
Phoenix, AZ 85064-0434
*Chapter 13 Trustee*

Ronald L. Hoffbauer, Esq.
P.O. Box 10434
Phoenix, AZ 85064-0434
*Attorneys for the Chapter 13 Trustee*

Nathan J. Brelsford, Esq.
PIEKARSKI & BRELSFORD, P.C.
2942 North 24th Street, Suite 109
Phoenix, AZ 85016
*Attorneys for Creditor Dorothy Granger*

OFFICE OF THE U.S. TRUSTEE
230 North First Avenue, Suite 204
Phoenix, AZ 85003
*U.S. Trustee*

/s/ Lauri Andrisani

J. Daryl Dorsey, State Bar No. 024237

TB TIFFANY & BOSCO
P.A.

Third Floor Camelback Esplanade II
2525 East Camelback Road
Phoenix, Arizona 85016b4237
Telephone: (602) 255-6000
Facsimile: (602) 255-0103
*Attorneys for Creditor Summerlin Asset Management II, LLC*

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| In re: | Case No. 2:08-bk-14959-RTBP |
|---|---|
| SHIRLEY SMITH, | Chapter 13 Proceedings |
| Debtor. | **EX PARTE ORDER TERMINATING THE AUTOMATIC STAY FOR FAILURE TO CURE PURSUANT TO THE TERMS OF THE ADEQUATE PROTECTION ORDER** |

Pursuant to the Order entered on November 13, 2009, attached hereto as Exhibit "A", and by this reference incorporated herein, the above-referenced Debtor; was obligated to make specified payments which she has failed to make. The Debtor has failed to comply thereby necessitating a written Notice of Default. Attached hereto as Exhibit "B" is a copy of the Notice of Default.

IT IS HEREBY ORDERED that the Automatic Stay in the above-entitle Bankruptcy case is immediately extinguished for all purposes as to Secured Creditor, Summerlin Asset Management II, LLC and Summerlin Asset Management II, LLC may exercise whatever state law or contractual rights it may have regarding the property

420515/15548-001 -1-

located at 20 Elm Street, Sedona, Arizona 86351 and described in the records of the Yavapai County, Arizona Recorder's Office as:

Instrument Number 3854357 in Book 4261, Page 421, wherein Movant is the current beneficiary, which Deed of Trust (and Assignment of Deed of Trust) encumbers the following described real property:

> All of Lot 99 and that portion of Lot 100, OAKCREEK, according to the plat of record in Book 12 of Maps, Page 36, Records of Yavapai County, Arizona.

IT IS FURTHER ORDERED that Summerlin Asset Management II, LLC and/or its successors and assigns may, at its option, offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement. Summerlin Asset Management II, LLC may contact the Debtor via telephone or written correspondence to offer such an agreement. Any such agreement shall be non-recourse unless included in a reaffirmation agreement.

IT IS FURTHER ORDERED that all conditions of the adequate protection order regarding conversions are binding and are hereby affirmed in this Order as well.

IT IS FURTHER ORDERED that the 10-day stay provided by Rule 4001(a)(3), Fed.R.Bankr.P. is waived pursuant to Exhibit "A", the Order Approving Stipulation Regarding Motion for Stay Relief

**DATED AND SIGNED ABOVE.**



**SO ORDERED.**

**Dated: November 13, 2009**



_____
**REDFIELD T. BAUM, SR**
**U.S. Bankruptcy Judge**

1  J. Daryl Dorsey, State Bar No. 024237
2  **TB TIFFANY & BOSCO** P.A.
3  Third Floor Camelback Esplanade II
   2525 East Camelback Road
4  Phoenix, Arizona 85016b4237
   Telephone: (602) 255-6000
5  Facsimile:  (602) 255-0103
   *Attorneys for Creditor Summerlin Asset Management II, LLC*
6

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| In re: | Case No. 2:08-bk-14959-RTBP |
|---|---|
| SHIRLEY SMITH, | Chapter 13 Proceedings |
| Debtor. | **ORDER APPROVING STIPULATION REGARDING MOTION FOR RELIEF** |

This matter having come before the Court pursuant to a *Stipulation Regarding Motion for Relief* (the "Stipulation") filed by Summerlin Asset Management II, LLC ("Movant") and the Debtor, and good cause appearing;

**IT IS HEREBY ORDERED** approving the Stipulation;

**IT IS FURTHER ORDERED** that the automatic stay imposed by 11 U.S.C. § 362 is vacated as set forth below with respect to the real property located at 20 Elm Street, Sedona, Arizona 86351, which is the subject of the Deed of Trust recorded in the records of the Yavapai County, Arizona Recorder's Office, as Instrument Number 3854357 in Book 4261, Page 421, wherein Movant is the current beneficiary, which Deed of Trust (and Assignment of Deed of Trust) encumbers the following described real property:

> All of Lot 99 and that portion of Lot 100, OAKCREEK, according to the plat of record in Book 12 of Maps, Page 36, Records of Yavapai County, Arizona.

**IT IS ORDERED AS FOLLOWS:**

1. Debtor will cure the post-petition arrearages currently due as follows:

| | |
|---|---:|
| Payments (June 1, 2009 to September 1, 2009): | $4,547.84 |
| Late Charges: | 605.00 |
| Bankruptcy Attorneys Fees And Costs: | 4,020.34 |
| **Total Amount Of Post Petition Default:** | **$9,173.18** |

2. The total arrearage of $9,173.18 above shall be paid in (12) monthly installments of $764.43. These payments shall be in addition to the regular monthly payment of $1,648.17 and shall be due on or before the 15th day of the month commencing with the October 15, 2009, payment and continuing throughout and concluding on or before October 15, 2010.

3. In addition to the payment listed in Paragraph 1, the Debtor will make the regular post-petition payment due for October 2009, which shall be made when due, and all subsequent payments shall be made when due.

3. Movant, as the current beneficiary under the above-described Deed of Trust, agrees not to conduct a Trustee's Sale or judicial "foreclosure" on its Deed of Trust, so long as the terms of this Order are complied with. In the event of default in making any payments described herein, the secured creditor is permitted, in its discretion, to conduct a Trustee's Sale, judicial foreclosure, or take whatever other actions necessary to protect their interest in the above legally described property upon giving written notice of such default to Debtor, Debtor's Counsel and Trustee, and Debtor's failure to cure such default within fifteen (15) days of the date of such notice. In the event said default is not cured within said fifteen (15) day period, all arrearages, both pre-petition and post-petition shall become immediately due and payable in full, and pre-petition

1 arrearages shall not continue to be payable under the terms of the Debtor's Plan filed in this matter.

2. 5. If a default notice becomes necessary, Debtor will be charged $150.00 for fees and costs associated with handling the curing of the default, to be paid together with the defaulted payment and late charge. Debtor shall tender the default payment, late charge and the additional $150.00 fee for attorneys' fees and costs, as set forth above, in the form of a cashier's check or money order, made payable to Movant. If the defaulted payments are not received by Movant, together with the late charge and the $150.00 default fee, within fifteen days after the default notice is sent, all arrearages, both pre-petition and post-petition, shall become immediately due and payable in full and pre-petition arrearages shall not continue to be payable under the terms of the Plan.

6. If this bankruptcy case is dismissed, either voluntary or involuntary, for any reason, this Stipulation will become null and void and Movant, its successors and/or assigns, and after such dismissal, may, in its discretion, conduct a Trustee's Sale or judicial "foreclosure" on its Deed of Trust or take whatever other actions necessary to protect their interest in the above legally described property.

7. In the event of conversion by the Debtor to any other bankruptcy chapter, the repayment portion of this Order shall become null and void, except that the portion of this Order vacating the automatic stay under U.S. Bankruptcy Code Section 362 (a) shall remain in full force and effect.

**IT IS FURTHER ORDERED** waiving the 10-day stay provided by Rule 4001(a)(3), Fed.R.Bankr.P.

**DATED AND SIGNED ABOVE.**



| | |
|---|---|
| 1 | J. Daryl Dorsey, State Bar No. 024237 |
| 2 | **TB TIFFANY & BOSCO** P.A. |
| 3 | Third Floor Camelback Esplanade II |
| 4 | 2525 East Camelback Road<br>Phoenix, Arizona 85016b4237 |
| 5 | Telephone: (602) 255-6000<br>Facsimile:   (602) 255-0103 |
| 6 | *Attorneys for Creditor Summerlin Asset Management II, LLC* |

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>SHIRLEY SMITH,<br><br>                        Debtor. | Case No. 2:08-bk-14959-RTBP<br><br>Chapter 13 Proceedings<br><br>**NOTICE OF DEFAULT UNDER ORDER DATED NOVEMBER 13, 2009** |

**NOTICE IS HEREBY GIVEN** that Debtor, Shirley Smith, has defaulted under the terms provided in the "*Order Approving Stipulation Regarding Motion for Relief*" dated November 13, 2009 ("Order").  Specifically, Debtor has failed to make the required installment payments and regular post-petition payments both of which had separate payments due on October 15, 2009 and November 15, 2009 (*See* Order at page 2, numbered paragraphs 2 and 3 respectively).  Further no payments have been made as of the filing date of this Notice.  Movant, Sumerlin Asset Management II, LLC,  serves this Notice of Default averring that:

  1.  An Order was entered on  November 13, 2009 which provided for the lifting of the automatic stay imposed by 11 U.S.C. § 362(a) with respect to the real property

15548-001/419352.DOC                                                                  1

located at 20 Elm Street, Sedona, Arizona 86351, which is the subject of the Deed of Trust recorded in the records of the Yavapai County, Arizona Recorder's Office, as Instrument Number 3854357 in Book 4261, Page 421, wherein Movant is the current beneficiary, which Deed of Trust (and Assignment of Deed of Trust) encumbers the following described real property:

> All of Lot 99 and that portion of Lot 100, OAKCREEK, according to the plat of record in Book 12 of Maps, Page 36, Records of Yavapai County, Arizona.

A Copy of said Order is attached hereto as Exhibit "A".

2. As of the date of this Notice of Default, the Debtor has not made the payments as required by the aforementioned Order. The Debtor is presently past due as follows:

| | | |
|---|---|---|
| a. | Delinquent Installment Payments (Oct. 15 & Nov. 15, 2009): | $1,528.86 |
| b. | Delinquent Regular Payments (Oct. 15 & Nov. 15, 2009): | $3,296.34 |
| c. | Additional Late Charges (Oct. 15 & Nov. 15, 2009): | $403.33 |
| d. | Bankruptcy Attorneys' Default Notice Fees: | $150.00 |
| | **Total Reinstatement Amount Due:** | **$5,378.53** |

PARTIAL PAYMENT WILL NOT BE ACCEPTED

3. **NOTICE IS FURTHER GIVEN** that under the Order, Debtor has fifteen (15) calendar days from the filing date of this Notice, which is **Wednesday, December 9, 2009**, to cure such default in accordance with the terms of the Order. A cashier's check or money order in the full amount of $5,378.53, must be hand-delivered to Movant's Counsel at the address on this pleading, by 5:00 p.m. on **Wednesday, December 9, 2009**.

4. **NOTICE IS FURTHER GIVEN** that if Debtor fails to cure the Default

15548-001/419352.DOC

2

within the 15 calendar days, then Movant will proceed with a Trustee's Sale, judicial foreclosure or other action, in Movant's discretion, as permitted by the Order.

DATED this 24th day of November, 2009.

**TIFFANY & BOSCO, P.A.**

By: /s/ J. Daryl Dorsey
J. Daryl Dorsey, Esq.
2525 East Camelback Road, Suite 300
Phoenix, AZ 85016
*Counsel for Creditor Summerlin Asset Management II, LLC*

**FOREGOING** filed via ECF with the Clerk of the U. S. Bankruptcy Court this 24th day of November, 2009, with a **COPY** of the foregoing mailed this same date, to:

Ms. Shirley Smith
P.O. Box 20593
Sedona, AZ 86341
*Debtor*

Anthony W. Clark, Esq.
CLARK & ASSOCIATES
1212 West Camelback, Suite 104
Phoenix, AZ 85013
*Attorneys for the Debtor*

Edward J. Maney, Esq.
P.O. Box 10434
Phoenix, AZ 85064-0434
*Chapter 13 Trustee*

Ronald L. Hoffbauer, Esq.
P.O. Box 10434
Phoenix, AZ 85064-0434

15548-001/419352.DOC

3

| | |
|---|---|
| 1 | *Attorneys for the Chapter 13 Trustee* |
| 2 | Nathan J. Brelsford, Esq. |
| 3 | PIEKARSKI & BRELSFORD, P.C.<br>2942 North 24th Street, Suite 109 |
| 4 | Phoenix, AZ  85016<br>*Attorneys for Creditor Dorothy Granger* |
| 5 | |
| 6 | Office of the U.S. Trustee<br>230 North First Avenue, Suite 204 |
| 7 | Phoenix, AZ  85003<br>*U.S. Trustee* |
| 8 | |
| 9 | **Courtesy Copy emailed to:** |
| 10 | Anthony W. Clark, Esq.<br>Email: AWC@awcesq.com |
| 11 | *Attorneys for the Debtor* |
| 12 | |
| 13 | /s/ Louis A. Lofredo<br>Louis A. Lofredo, paralegal |

15548-001/419352.DOC

4

# Exhibit A

**SO ORDERED.**



J. Daryl Dorsey, State Bar No. 024237

**Dated: November 13, 2009**

**TIFFANY & BOSCO** P.A.

Third Floor Camelback Esplanade II
2525 East Camelback Road
Phoenix, Arizona 85016b4237
Telephone: (602) 255-6000
Facsimile: (602) 255-0103

_____
**REDFIELD T. BAUM, SR**
**U.S. Bankruptcy Judge**

*Attorneys for Creditor Summerlin Asset Management II, LLC*

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>SHIRLEY SMITH,<br><br>Debtor. | Case No. 2:08-bk-14959-RTBP<br><br>Chapter 13 Proceedings<br><br>**ORDER APPROVING STIPULATION REGARDING MOTION FOR RELIEF** |

This matter having come before the Court pursuant to a *Stipulation Regarding Motion for Relief* (the "Stipulation") filed by Summerlin Asset Management II, LLC ("Movant") and the Debtor, and good cause appearing;

**IT IS HEREBY ORDERED** approving the Stipulation;

**IT IS FURTHER ORDERED** that the automatic stay imposed by 11 U.S.C. § 362 is vacated as set forth below with respect to the real property located at 20 Elm Street, Sedona, Arizona 86351, which is the subject of the Deed of Trust recorded in the records of the Yavapai County, Arizona Recorder's Office, as Instrument Number 3854357 in Book 4261, Page 421, wherein Movant is the current beneficiary, which Deed of Trust (and Assignment of Deed of Trust) encumbers the following described real property:

> All of Lot 99 and that portion of Lot 100, OAKCREEK, according to the plat of record in Book 12 of Maps, Page 36, Records of Yavapai County, Arizona.

**IT IS ORDERED AS FOLLOWS:**

1. Debtor will cure the post-petition arrearages currently due as follows:

| | |
|---|---:|
| Payments (June 1, 2009 to September 1, 2009): | $4,547.84 |
| Late Charges: | 605.00 |
| Bankruptcy Attorneys Fees And Costs: | <u>4,020.34</u> |
| **Total Amount Of Post Petition Default:** | **$9,173.18** |

2. The total arrearage of $9,173.18 above shall be paid in (12) monthly installments of $764.43. These payments shall be in addition to the regular monthly payment of $1,648.17 and shall be due on or before the 15th day of the month commencing with the October 15, 2009, payment and continuing throughout and concluding on or before October 15, 2010.

3. In addition to the payment listed in Paragraph 1, the Debtor will make the regular post-petition payment due for October 2009, which shall be made when due, and all subsequent payments shall be made when due.

3. Movant, as the current beneficiary under the above-described Deed of Trust, agrees not to conduct a Trustee's Sale or judicial "foreclosure" on its Deed of Trust, so long as the terms of this Order are complied with. In the event of default in making any payments described herein, the secured creditor is permitted, in its discretion, to conduct a Trustee's Sale, judicial foreclosure, or take whatever other actions necessary to protect their interest in the above legally described property upon giving written notice of such default to Debtor, Debtor's Counsel and Trustee, and Debtor's failure to cure such default within fifteen (15) days of the date of such notice. In the event said default is not cured within said fifteen (15) day period, all arrearages, both pre-petition and post-petition shall become immediately due and payable in full, and pre-petition

418513/15548-001 -2-

Case 2:08-bk-14959-RTBP    Doc 58    Filed 11/23/09    Entered 11/26/09 14:30:22    Desc
Main Document    Page 2 of 8

1    arrearages shall not continue to be payable under the terms of the Debtor's Plan filed in
2    this matter.

3        5.    If a default notice becomes necessary, Debtor will be charged $150.00 for
4    fees and costs associated with handling the curing of the default, to be paid together with
5    the defaulted payment and late charge.  Debtor shall tender the default payment, late
6    charge and the additional $150.00 fee for attorneys' fees and costs, as set forth above, in
7    the form of a cashier's check or money order, made payable to Movant.  If the defaulted
8    payments are not received by Movant, together with the late charge and the $150.00
9    default fee, within fifteen days after the default notice is sent, all arrearages, both
10   pre-petition and post-petition, shall become immediately due and payable in full and
11   pre-petition arrearages shall not continue to be payable under the terms of the Plan.

12       6.    If this bankruptcy case is dismissed, either voluntary or involuntary, for any
13   reason, this Stipulation will become null and void and Movant, its successors and/or
14   assigns, and after such dismissal, may, in its discretion, conduct a Trustee's Sale or
15   judicial "foreclosure" on its Deed of Trust or take whatever other actions necessary to
16   protect their interest in the above legally described property.

17       7.    In the event of conversion by the Debtor to any other bankruptcy chapter,
18   the repayment portion of this Order shall become null and void, except that the portion of
19   this Order vacating the automatic stay under U.S. Bankruptcy Code Section 362 (a) shall
20   remain in full force and effect.

21       **IT IS FURTHER ORDERED** waiving the 10-day stay provided by Rule
22   4001(a)(3), Fed.R.Bankr.P.

23       **DATED AND SIGNED ABOVE.**

24
25
26

418513/15548-001                                           -3-